**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS ABALOS, | No. 22-16250 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01699-JAM-KJN |
| v. | |
| C. PARHAM, Correctional Officer, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted December 19, 2024[**]
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Plaintiff, Jesus Abalos, appeals pro se from the district court's grant of

summary judgment to Defendant C. Parham[1] in his civil rights action alleging that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] The district court previously dismissed Defendants J. Scheurer and Joe Lizarraga from the action.

Parham used excessive force against Abalos while he was incarcerated in California state prison, in violation of Abalos's Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018). "Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the nonmoving parties and drawing all reasonable inferences in their favor, no genuine issues of material fact remain in dispute." *Silloway v. City & Cnty. of San Francisco*, 117 F.4th 1070, 1077 (9th Cir. 2024). Where the party moving for summary judgment "is not the party that bears the burden of proof at trial," the moving party may "secure summary judgment" by demonstrating "'that there is an absence of evidence to support the nonmoving party's case.'" *Sierra Med. Servs. All. v. Kent*, 883 F.3d 1216, 1222 (9th Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "To defeat summary judgment, [the non-movant] must respond with more than mere hearsay and legal conclusions." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quotation marks and citations omitted).

Abalos alleges that Parham violated his Eighth Amendment rights by using excessive force against Abalos while he was experiencing a drug overdose, resulting in injuries to Abalos's wrists and ankles. To prevail on an Eighth

2

Amendment excessive force claim, Abalos must establish that Parham applied force "maliciously and sadistically to cause harm," rather than in a "good-faith effort to maintain or restore discipline." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Parham moves for summary judgment with evidence that he placed Abalos in handcuffs to restrain him from thrashing his limbs as medical personnel attended to Abalos's overdose, and that Abalos's injuries were caused when he struggled against the handcuffs. This use of force is permissible under our precedents, which allow prison officers to "place a dangerous inmate in shackles and handcuffs when they move him from his cell" for the "protection of staff and other inmates." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998). As explained further below, Abalos does not produce evidence to create a genuine dispute as to Parham's use of force. Parham is therefore entitled to summary judgment.

1. On October 1, 2018, while Abalos was incarcerated at Mule Creek State Prison, he suffered a drug overdose and was discovered unresponsive in his cell. Parham and two other prison officers removed Abalos from his cell and transported him to the prison's Treatment and Triage Area ("TTA") for emergency medical care. Abalos was then transported to the emergency room of an outside hospital. It is undisputed that Abalos sustained lacerations to his wrists and ankles

during this episode.

2. Parham presents evidence that Abalos's injuries were caused by Abalos straining against handcuffs that Parham placed on his wrists and ankles to restrain him during treatment and transport. Parham's declaration states that after paramedics at the TTA administered Narcan to Abalos, he began "thrash[ing] his arms and legs around on the gurney." Parham states that, "[t]o maintain Abalos' safety and the safety of the paramedics," he secured Abalos's arms and legs to the gurney with handcuffs "in accordance with [his] training"; he applied the handcuffs "just tight enough so that Abalos would be unable to slip his hands and feet through." Treatment records from the hospital emergency room state that Abalos arrived at the hospital "fighting staff" and that "[six] people" were required to restrain him. The records also state that Abalos "sustained [b]ilateral wrist lacerations during his struggle while in hand cuffs."

3. Abalos does not present sufficient evidence to create a genuine factual dispute as to Parham's use of force. During his deposition, Abalos stated that he was unconscious during his overdose, remembered "[n]othing" about his transport from the prison to the hospital, and had "no idea" how he sustained his injuries. In his pro se brief in opposition to summary judgment, Abalos contends that a nurse witnessed Parham "assault" Abalos by "yank[ing] up and down" and "stomp[ing] on the unlocked cuffs." Abalos states that this nurse told him that she was "so

4

shocked at the time Parham committed his assault and battery that she froze." He also contends that "[i]nmate witnesses" told him that "this nurse yelled at Parham at the time, and overheard her . . . say 'that's not necessary officer, he's not even [conscious].'" Abalos states that these witnesses will sign declarations supporting this account, but that it is "not possible" to produce the declarations "at this time." Finally, Abalos also contends that Parham did not properly "lock" or "[d]ouble [l]ock" the handcuffs to prevent them from "tightening" and causing Abalos's injuries, but he does not proffer any evidence in support of this argument.

Because Abalos is pro se, we must "consider as evidence" all contentions offered in his verified motions and pleadings "where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence." *Jones v. Blanas*, 393 F.3d 918, 922–23 (9th Cir. 2004). Abalos's contention that his injuries were caused by Parham "yanking" and "stomping" on the handcuffs is not based on personal knowledge and is instead based on inadmissible hearsay. *See* Fed. R. Evid. 801. His contention that Parham improperly applied the handcuffs likewise is not based on personal knowledge and is not otherwise supported by evidence. Abalos therefore does not establish a genuine factual dispute as to Parham's use of force. Because Parham's use of force was permissible based on the evidence in the record, *see Keenan*, 83 F.3d at 1092, he is entitled to summary

judgment.[2]

       **AFFIRMED.**

---

[2] Abalos does not contest the district court's denial of his requests for appointed counsel and extension of discovery. We therefore do not address these issues. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992), *as amended* (Oct. 8, 1993) (deeming "abandoned" issues not argued in pro se opening brief).